*R. D. Murray, for appellant.*

---

WEBSTER COUNTY COURT *v.* JAMES H. YATES.
SAME *v.* S. B. WALLACE, ET AL.

**County Bridges—Appropriation—Contract.**

Where $2,000.00 was appropriated by the county court to build a bridge, the commissioners under such order had no power to bind the county to pay more than the sum appropriated.

APPEAL FROM WEBSTER CIRCUIT COURT.

November 12, 1875.

OPINION BY JUDGE PRYOR:

No exceptions seem to have been taken to the mode of prosecuting the appeal to the circuit court, or at least, the bill of evidence does not show that it was the same heard in the county court. The case will, therefore, be considered as if tried de novo in the circuit court. The expenditure authorized to be made by the commissioner under the order of the county court for the construction of the bridge was $2,000. A contract was made by them with James Yates, by which he agreed to build the bridge for the amount appropriated by the county court. This contract was reported to the court, and terminated all the authority conferred upon the commissioner by the order making the appropriation. It seems that the entire work upon the bridge was done at the instance of the commissioner, for the reason that the specifications for the structure, and upon which the contract was based, were not such as would have resulted in the erection of a safe and substantial bridge. It appears, however, from the testimony of some of the witnesses, that a safe bridge could have been built for the amount of the appropriation, and by the special finding of the jury that the cost of the bridge as built ought not to have exceeded $2,000.

It is unnecessary, however, to discuss the effect of this testimony, or to determine what should have been the action of the court below upon this special finding. The commissioner had no right to go beyond the limit fixed by the order under which they acted in making the contract, and any agreement or direction by which extra work was done, increasing the sum beyond $2,000 was unauthorized and not binding on the county court. These commissioners were made special agents by the court to enter into a contract with parties who would build this bridge for $2,000, and when it was ascertained that the sum appropriated was not sufficient for that purpose, an application should have been made to the county court to increase the appropriation and authorize the extra work. The county judge would no doubt have convened the magistrates of the county and at a special term the appropriation could have been made. These magistrates, when thus assembled, are the financial agents of the county and authorized to make such expenditures (when the sum to be expended exceeds fifty dollars) as may be required to make these county improvements. The commissioners in this case under-

took the exercise of a power that belonged exclusively to the court of claims, and their action in the premises cannot bind that body, or raise an implied promise on the part of the county or those representing it to pay for this extra work.

In the case of the *Harrison County Court v. Smith's Adm'r*, 15 B. Mon. 155, it was held that where the county judge had ordered an improvement to be made, the county court composed of the justices were not bound by this order to pay for the jail, for the reason that the county judge had no power to create the debt; and that in making such appropriations the justices of the peace shall compose a part of the county court, and with the same organization required to lay the county levy and to transact the financial business of the county. If the county judge has no such power, it cannot be claimed that these commissioners were clothed with any greater authority. The judgments of the court below in favor of both the appellees, Yates and Oglesby, are *reversed* and the cause remanded with directions to dismiss the appeal.

*Hughes Cook, Bailey, for appellant.*
*T. M. Baker, M. C. Givens, for appellees.*